Present — LEARNED, P. J., BOCKES and BOARDMAN, JJ.

Judgment modified by reducing damages to six cents, and as modified affirmed, without costs of appeal.

---

THE PEOPLE ex rel. ASA STANTON, Appellant, v. LUCIEN HORTON, and others, Referees, etc., Respondents.

*Garden, meaning of — Highway — land taken for — 1 R. S., 574, § 57.*

APPEAL from an order or judgment of the Special Term, confirming the proceedings of the defendants as referees, in affirming an order of commissioners of highways in the alteration of a highway, whereby a portion of relator's land was taken, which he claimed to be a garden.

The court at General Term say : " The only objection urged is, that a portion of relator's garden was taken in the process of widening and straightening the highway. The statute forbids, that where the part taken has been used as a garden for the previous four years. (1 R. S., 574, § 57.) It is not claimed that the relator consented. Upon this point a number of witnesses were examined upon each side. The commissioners, jury and referee all decided from such evidence, aided by an inspection of the premises, that the part taken never had been cultivated as a garden for the period required. This being a decision upon a conflict of evidence, must be conclusive upon the court. (*Baldwin* v. *City of Buffalo,* 35 N. Y., 375 ; 1 R. S., 519, § 89.)

But upon the evidence taken, it is quite evident that the strip of land taken had not been used as a garden. It had been planted with potatoes and corn, and constituted part of an inclosure in which was a garden, and in that sense only was a part of a garden. Such is the weight of the evidence given on each side. This does not make it a garden within the meaning of the statute. That, in the language of Judge EARL, 'is a piece of ground appropriated to the cultivation of herbs or plants, fruits and flowers. * * * It is not sufficient that the land is inclosed with a garden, but it must be a part of a cultivated garden.' (*People ex rel. Cooke* v. *Comms. of Highways,* 57 N. Y., 550.) The same idea is conveyed

by Bronson, J., in *People* v. *Judges of Dutchess* (23 Wend., 361). 'It does not follow that the whole field is an orchard because there are fruit trees in some part of it.'

The conclusion that this was a garden should be irresistible to induce the court to reverse the decisions of the commissioners and referees who have had the advantage of personal inspection of the premises taken, and have seen and heard the witnesses who have testified upon the subject. The evidence falls far short of any such urgent force, and as I have said impresses me in quite the contrary direction.

The order or judgment appealed from should therefore be affirmed, with costs against the relator. (*People* v. *Fuller*, 40 How., 37.)"

*H. Bostwick*, for the appellant.  *D. T. Easton*, for the respondents.

Opinion by Boardman, J.

Present — Learned, P. J., Boardman and Bockes, JJ.

Order and judgment affirmed, with costs against the relator.

---

OLIVER FLEMING and HENRY C. GREGORY, Respond-
ents, v. THE PRESIDENT, Etc., OF THE DELAWARE
AND HUDSON CANAL COMPANY, Appellants.

*Evidence — Damages — amount of, to be determined by the court — witness should not
be asked to state it.*

Appeal from a judgment in favor of the plaintiff, entered on the direction of a referee.

The complaint charges that, on or about the 24th day of April, 1873, the plaintiffs delivered to the company, at Unadilla, N. Y., a car load of cattle, on an agreement with the company to carry them over the railroad run under its management, to the city of Albany, promising to have the cattle at the latter place the following morning, in time for transhipment to Newburgh; that the company omitted and neglected so to convey the cattle, by reason whereof they were injured, and the plaintiffs were put to